Stephen NEAL, et al., Plaintiffs—
Appellants,

v.

BOARD OF TRUSTEES OF THE CAL-
IFORNIA STATE UNIVERSITIES, et
al., Defendants—Appellees.

No. 001–17390.

D.C. No. CV–97–05009–REC(SMS).

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 20, 2002.*

Decided Nov. 26, 2002.

Before: CANBY, HALL, and
GRABER, Circuit Judges.

MEMORANDUM**

Appellants, Stephen Neal and other
members of the California State Universi-
ty, Bakersfield (CSUB) Wrestling Team,
appeal a grant of summary judgment in
favor of appellees. The district court held
that appellees' practice of reducing roster
spots in male athletics in order to foster
proportionality between men's and wom-
en's intercollegiate athletic teams does not
violate Title IX or the Equal Protection
Clause of the Federal Constitution.

I.

We previously considered an appeal
from a preliminary injunction in this case.
See Neal v. Board of Trustees, 198 F.3d
763 (9th Cir.1999). Appellants essentially
ask us to disregard our interpretation of
Title IX in that opinion because the law of
the case doctrine "should not be applied
woodenly when doing so would be inconsis-
tent with considerations of substantial jus-
tice." We are not persuaded that our
previous interpretation of Title IX is incon-
sistent with considerations of substantial
justice. Furthermore, the interpretation
of Title IX announced in Neal is not only
the law of the case. It is the law of this
circuit and is therefore binding on all
courts in this circuit. See Wolfson v.
Watts (In re Watts), 298 F.3d 1077, 1083–
84 (9th Cir.2002) (O'Scannlain, J. concur-
ring) ("It is a bedrock principle of our
court that the published decision of one
three-judge panel binds every other panel,
from that day forward."). Unless and un-
til Congress changes the statute, or the
Supreme Court of the United States or an
en banc panel of this court interprets Title
IX differently, we are bound by our inter-
pretation of Title IX announced in Neal.
While the factual record may now be more
fully developed, this does not affect our
purely legal interpretations of Title IX and
the Equal Protection Clause.

II.

Appellants claim that the district court
should have allowed discovery into the in-
terests of males and females in participat-
ing in intercollegiate athletics. Such dis-
covery is not at all relevant to the question
of whether or not appellees violated Title
IX. See Neal, 198 F.3d at 769. The dis-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

trict court did not abuse its discretion by refusing this discovery.

## III.

Summary judgment was appropriately granted in favor of appellees. The district court correctly applied our opinion in *Neal* and we AFFIRM for the reasons stated in Judge Coyle's September 24, 2001, summary judgment order.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.